IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AGRIBANK, FCB,

                        Plaintiff,

  v.

JEROME J. LAUFENBERG, HOPE LAUFENBERG,
WILLIAM SCHINDLER, THOMAS SCHINDLER, and
KAREN SCHINDLER,

                        Defendants.

OPINION & ORDER

16-cv-659-jdp

---

      Plaintiff AgriBank, FCB, owns a one-half mineral interest in land owned by defendants Jerome J. Laufenberg, Hope Laufenberg, William Schindler, Thomas Schindler, and Karen Schindler. In September, AgriBank filed suit against defendants in this court, seeking a declaratory judgment that silica sand is a "mineral" under Wisconsin law. Defendants have moved to dismiss AgriBank's amended complaint, contending that the court lacks subject matter jurisdiction because there is no actual controversy between the parties and that, in the alternative, the court should abstain from hearing the case because of parallel state court litigation. Dkt. 6. Because the controversy between the parties is not sufficiently real and immediate to warrant issuance of a declaratory judgment, the court will grant defendants' motion and dismiss the case for lack of subject matter jurisdiction.

ALLEGATIONS OF FACT

      The court draws the following facts from the parties' evidentiary submissions and the allegations in AgriBank's amended complaint. Dkt. 22. William Schindler owns a parcel of land in Chippewa County, Wisconsin. Thomas and Karen Schindler own another parcel of

land in Chippewa County. Jerome and Hope Laufenberg own a parcel of land in Clark County. Each of these properties is subject to a reservation of rights in "oil, gas, and other minerals" in favor of AgriBank. Dkt. 22-1, at 2; Dkt. 22-2, at 2; Dkt. 22-3, at 2.

In April 2015, the Schindlers' counsel, Mitchell Olson, sent AgriBank a letter explaining that the Schindlers want to sell silica sand, or "frac sand," mined from their properties, that they believe silica sand is not a "mineral" subject to the mineral rights reservation, and that they wish to make a lump-sum payment to AgriBank in exchange for the release of its mineral rights in the Schindlers' properties. Olson warned that "if AgriBank refuses to compromise this dispute and continues to assert an interest in the silica sand, then the Schindlers will proceed to file a lawsuit in Chippewa County Circuit Court seeking a declaratory judgment construing the parties' interests under the reservation of mineral rights." Dkt. 10-1, at 7. Agribank responded in May 2015, indicating that it believes silica sand is a mineral subject to the mineral rights reservation, expressing its willingness to make a lump-sum payment in exchange for the release of its mineral rights, and requesting additional information from the Schindlers to assess the value of the silica sand on the Schindlers' property "to arrive at a fair market price" for the release. Dkt. 10-2, at 3. Neither Olson nor the Schindlers ever responded—the next action taken by either party on this issue was AgriBank's filing of this lawsuit in September 2016.

As for the Laufenbergs, Olson sent, on their behalf, an almost identical letter to AgriBank in April 2016. The letter offered a lump-sum payment to AgriBank in exchange for the release of its mineral rights in properties owned by the Laufenbergs and non-parties Jerry and Vicki Huber in Clark County. Again, Olson warned that "if AgriBank refuses to compromise this dispute and continues to assert an interest in the silica sand, then they [the

Laufenbergs and Hubers] are prepared to proceed to file an action seeking a declaratory judgment construing the parties' interest under the reservation of mineral rights." Dkt. 10-3, at 8. AgriBank responded a week later, again requesting additional information to assess the value of the silica sand on the Laufenbergs' and Hubers' properties "to arrive at a fair market price." Dkt. 10-4, at 2. Olson responded in May 2016, declining to provide additional information but offering a larger lump-sum payment. Olson included a stronger warning this time: "If that is not acceptable, we will begin work on drafting a lawsuit for declaratory judgment eliminating the mineral reservation rights on the property with respect to silica sand. If we prevail on such action, we will certainly make that well-known throughout the State of Wisconsin, and there will be public record of AgriBank's lack of interest in such materials." Dkt. 10-5, at 2. AgriBank responded in June 2016 with a counteroffer based on its own research regarding the value of the silica sand on the Laufenbergs' and Hubers' properties, as well as the "Larson Parcel," land apparently owned by non-parties Richard and Teresa Larson.

The Laufenbergs did not respond to AgriBank's counteroffer, but the Hubers and Larsons responded by filing suit in Clark County, seeking a declaratory judgment that sand is not a mineral under Wisconsin law and a permanent injunction barring AgriBank from asserting any rights to the sand extracted from their properties. *See Huber v. AgriBank, FCB*, No. 16-cv-124 (Clark Cty. Cir. Ct. filed Aug. 30, 2016). The Laufenbergs refused to join as parties in the Clark County suit.

On September 30, 2016, one month after the Hubers and Larsons filed the Clark County suit, AgriBank filed suit in this court seeking a declaratory judgment that sand is a mineral under Wisconsin law. Dkt. 1. AgriBank later amended its complaint to clarify that it

3

seeks a declaratory judgment that *silica* sand is a mineral under Wisconsin law. Dkt. 22. AgriBank alleges that the court has subject matter jurisdiction over the suit under 28 U.S.C. § 1332, because the parties are completely diverse and the amount in controversy—the value of the sand in question—exceeds $75,000.

## ANALYSIS

On defendants' motion to dismiss for lack of subject matter jurisdiction, the court accepts AgriBank's well-pleaded factual allegations as true and draws all reasonable inferences from those facts in its favor. *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003). But AgriBank, as plaintiff, bears the burden of establishing jurisdiction under Article III. *Id.* Where, as here, subject matter jurisdiction "is challenged as a factual matter, the plaintiff must come forward with 'competent proof'—that is a showing by a preponderance of the evidence—that" the court has subject-matter jurisdiction. *Id.* Thus, the court will consider not only the complaint, but the supporting evidence adduced by the parties.

Article III of the Constitution limits federal courts' jurisdiction to cases and controversies. Declaratory judgment actions meet Article III's case-or-controversy requirement when "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). The issue in this case is whether the controversy is sufficiently immediate, that is, whether it is ripe for resolution by the court. The ripeness doctrine "hinges on 'the fitness of the issues for judicial decision and the hardship to the parties of

withholding court consideration." *Rock Energy Co-op. v. Village of Rockton*, 614 F.3d 745, 749 (7th Cir. 2010) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967)). It bars the assertion of speculative injuries that "depend on so many future events that a judicial opinion would be advice about remote contingencies." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 538 (7th Cir. 2006). There is no precise test to determine whether a controversy is ripe for review; instead, the court must apply general principles to the facts at hand. *See Rock Energy*, 614 F.3d at 748.

Applying these principles, the court concludes that it does not have subject matter jurisdiction over AgriBank's declaratory judgment action. There is a substantial controversy as to whether silica sand is a mineral in which AgriBank retains an interest, and the parties here have adverse legal interests: each party intends to lay claim to any profits derived from mining silica sand on the properties otherwise owned by defendants. But AgriBank has not met its burden of showing that determination of this controversy is ripe for adjudication.

AgriBank contends that defendants' threats of suit create a real and immediate controversy. But the threat of litigation alone is not enough. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 712 (7th Cir. 2002). That is especially true here, where the threatened suit is only a declaratory judgment action, not an affirmative suit alleging wrongdoing and liability. And the fact that defendants did not immediately file suit after threatening to do so further underscores the fact that the threat of litigation is not imminent.

It is only when the threat of litigation impedes the plaintiff's ability to conduct its business, such that the plaintiff legitimately needs a declaration of rights "to go forward with the project in question," that the controversy becomes sufficiently immediate. *Id.* at 711. AgriBank, as plaintiff, must show "how a decision on its declaratory judgment complaint

5

would resolve some present hardship." *Rock Energy*, 614 F.3d at 749. It must present evidence that the current situation has "a present concrete, adverse, and irremediable effect on [its] day-to-day affairs." *Id.* The sole evidence AgriBank adduces on this point is the declaration of its director of minerals management and collateral services, Julia Johnson, which states that "AgriBank desires to market its mineral interests in the silica sand on the Laufenberg and Schindler Properties" but is unable to do so "as long as its interests are subject to dispute with the Laufenbergs and Schindlers." Dkt. 12, at ¶¶ 5-6. But AgriBank adduces no evidence that it has attempted to market its interests, taken any concrete steps to sell its interests, or found a specific opportunity for sale. A declaration that AgriBank suddenly desires to market its mineral interests after decades of inaction does not prove a present hardship by a preponderance of the evidence. Its injury is, at this point, merely hypothetical.

AgriBank's ability to assert its arguments as the defendant in the *Huber* suit also speaks to the lack of hardship of withholding court consideration. In *Rock Energy*, the Seventh Circuit noted that if the defendant, the Village of Rockton, were to initiate a state-court proceeding, Rock Energy could assert the same arguments there, and the federal court would be unlikely to interfere with the state-court proceeding due to the prohibitions of the Anti-Injunction Act and abstention doctrines such as *Younger*. 614 F.3d at 749 (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Just as in *Rock Energy*, the declaratory judgment action here is not ripe for review.

Here, as AgriBank concedes, there is a parallel state-court declaratory judgment action (the *Huber* suit) filed against AgriBank by parties with nearly identical interests to defendants in this case. The sole issue presented in this case is identical to the issue presented in *Huber*. AgriBank can assert the same arguments it makes here in *Huber*. And even if this court had

6

subject-matter jurisdiction over AgriBank's suit, it would stay this case under the *Colorado River* abstention doctrine. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). Under that doctrine, a federal court may, in exceptional circumstances, stay a suit in favor of a parallel state-court proceeding to promote "wise judicial administration." *Clark v. Lacy*, 376 F.3d 682, 685 (7th Cir. 2004) (quoting *Colorado River*, 424 U.S. at 818). Several factors indicate that this case presents exceptional circumstances in which abstention is warranted: Wisconsin law governs both cases; *Huber* was filed first and has progressed further; the Wisconsin court has jurisdiction over *Huber* and would have jurisdiction over the claims in this case, had it been filed in state court; allowing both actions to proceed simultaneously would result in duplicative litigation and the risk of inconsistent results; and AgriBank's rights will be adequately protected by the Wisconsin court. *See id.* at 687-88. And given the more advanced Wisconsin state-court action, it seems likely that the only reason AgriBank filed the federal suit is an attempt at forum shopping. *See Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698, 703 & n.7 (7th Cir. 1992).

AgriBank has not shown that it has a present hardship or immediate controversy. Given AgriBank's ability to assert its rights, claims, and defenses in *Huber* and the likelihood of abstention, assertion of subject-matter jurisdiction over AgriBank's claim in this court would not resolve the controversy any more quickly than the Wisconsin state court may resolve it. Because AgriBank's injury is not yet ripe, the court will grant defendants' motion and dismiss the case.

ORDER

IT IS ORDERED that:

1. Defendants Jerome J. Laufenberg, Hope Laufenberg, William Schindler, Thomas Schindler, and Karen Schindler's motion to dismiss, Dkt. 6, is GRANTED.

2. This case is dismissed, without prejudice, for lack of subject matter jurisdiction.

3. The clerk of court is directed to close this case.

Entered February 3, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge